OPINION
{¶ 1} Appellant, Mr. Marcus D. Barnes, appeals from the August 17, 2006 judgment entry of the Portage County Court of Common Pleas, which corrected appellant's sentence prior to his release from incarceration to reflect notification of post-release control, in accordance with R.C.2967.28. For the following reasons, we affirm.
 {¶ 2} Substantive History and Procedural Facts
 {¶ 3} This case stems from an altercation that occurred on November 21, 1997. While attending a party in Kent with his girlfriend, appellant became involved in an *Page 2 
argument with other partygoers. The argument escalated into a physical altercation, which involved appellant, Christopher Wawrin ("Wawrin"), and Christopher DeAngelis ("DeAngelis"). Appellant stabbed both men during the fight. Wawrin died from his knife wound several days later.
 {¶ 4} The Portage County Grand Jury indicted appellant on two counts of felonious assault on November 26, 1997. On December 12, 1997, following the death of Wawrin, the Grand Jury indicted appellant for one count of murder. On January 16, 1998, the Grand Jury amended the indictment and charged appellant with the attempted murder of DeAngelis.
 {¶ 5} The jury returned a verdict of guilty on the counts of involuntary manslaughter and felonious assault with a deadly weapon. Subsequently, the trial court sentenced appellant to consecutive prison terms of nine years for the offense of involuntary manslaughter and six years for the offense of felonious assault.
 {¶ 6} Appellant then appealed to this court, and we reversed both convictions. We found that the trial court erred by (1) excluding evidence of Wawrin's specific instances of violent conduct; (2) instructing the jury that felonious assault with a deadly weapon was a lesser included offense of attempted murder; and (3) sentencing appellant to consecutive prison terms without making the factual findings required by R.C. 2929.14(E)(4). State v. Barnes (July 21, 2000), 11th Dist. No. 98-P-0052, 2000 Ohio App. LEXIS 3294.
 {¶ 7} The Supreme Court of Ohio reversed our decision in State v.Barnes (2002), 94 Ohio St.3d 21. The Court held that a defendant asserting self defense cannot introduce evidence of specific acts of the victim to demonstrate that the victim *Page 3 
was the initial aggressor. The Court also held that felonious assault with a deadly weapon was not a lesser included offense of attempted murder. The Court did uphold appellant's conviction for felonious assault with a deadly weapon based upon a plain error analysis.
 {¶ 8} On June 20, 2002, the trial court, on remand, overruled appellant's motion to dismiss the felonious assault conviction, and resentenced appellant to concurrent prison terms of nine years for the offense of involuntary manslaughter and six years for the offense of felonious assault. Once again, appellant's case was appealed to this court, where appellant raised two assignments of error dealing with issues of due process of law. We affirmed the trial court, holding that the trial court could not dismiss the conviction for felonious assault because the Supreme Court of Ohio had already established it could not be reversed. We also held that the trial court made the requisite finding that the minimum sentence would demean the seriousness of the offense in this case. State v. Barnes, 11th Dist. No. 2002-P-0079,2003-Ohio-6674.
 {¶ 9} Inasmuch as appellant was never notified that he would be subject to post-release control following his release, the trial court, pursuant to the provisions of R.C. 2929.191 gave appellant notice of a resentencing hearing, which was held on August 15, 2006. On August 17, 2006, the trial court issued a nunc pro tunc judgment entry by which appellant was resentenced to consecutively serve nine years for the offense of involuntary manslaughter and six years for the offense of felonious assault with a deadly weapon; subject to mandatory post-release control upon his release.
 {¶ 10} On September 1, 2006, the trial court granted appellant's motion to correct the August 17, 2006 order and judgment entry in part and issued a new nunc pro tunc *Page 4 
judgment entry to reflect that the sentences are to run concurrently, rather than consecutively.
 {¶ 11} Appellant timely appealed the August 17, 2006 judgment, which was corrected by the September 1, 2006 judgment, and now raises the following six assignments of error:
 {¶ 12} "[1.] Defendant was denied due process of law when the court granted the state's motion for a nunc pro tunc order to supply an omission.
 {¶ 13} "[2.] Defendant was denied his rights under the Fifth Amendment where his sentence was increased after he had commenced service of his sentence.
 {¶ 14} "[3.] Defendant was denied his constitutional rights when the court proceeded to apply a 2006 statute in an ex-post facto and retroactive manner.
 {¶ 15} "[4.] Defendant was denied due process of law when the court journalized a nunc pro tunc entry as if it had occurred in 1998 and 2002.
 {¶ 16} "[5.] Defendant was denied due process of law when the court failed to apply res judicata to claims for an increase of sentence adding post-release control.
 {¶ 17} "[6.] Defendant was denied due process of law when the court failed to grant defendant his right of allocution and did not properly inform him concerning post-release control."
 {¶ 18} Post-release Control
 {¶ 19} Appellant is challenging the trial court's authority to hold a resentencing hearing to correct an earlier failure to advise appellant post-release control would be imposed following his period of incarceration. His assignments of error essentially challenge the constitutionality of R.C. 2929.191. *Page 5 
 {¶ 20} Appellant was not notified at the time of his original sentencing or at a subsequent resentencing that he would be subject to post-release control, either orally or in the judgment entry of the sentence. However, a plain reading of the post-control release statute, R.C. 2967.28, reveals that the failure to notify the defendant at the time of sentencing that he would be subject to post-release control following incarceration does not "negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender * * *." R.C. 2967.28(B). Post-release control must be served following incarceration so long as appellant was properly notified before his release, pursuant to R.C. 2929.19.
 {¶ 21} In relevant part, R.C. 2929.19 states: "R.C. 2929.191 applies if, prior to July 11, 2006, a court imposed a sentence * * * and failed to notify the offender * * * regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control."
 {¶ 22} Pursuant to R.C. 2929.191, the trial court may correct a judgment of conviction concerning post-release control as long as the court does so before the defendant's period of incarceration has expired. Thus, R.C. 2929.191(A)(1) provides: "If, prior to the effective date of this section, a court imposed a sentence * * * and failed to notify the offender * * * that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal * * * at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the *Page 6 
offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 23} Procedural Issues — The Nunc Pro Tunc Entry
 {¶ 24} Appellant's first and fourth assignments of error deal with whether the nunc pro tunc judgment entry is the proper vehicle to resentence a defendant where the defendant was not notified of post-release control at the time of his sentencing or in the judgment entry. Specifically, in his first assignment of error, appellant contends that he was denied due process of law when the court granted the state's motion for a nunc pro tunc order to supply an "omission." In his fourth assignment of error, appellant contends that he was denied due process when the court journalized the nunc pro tunc entry as if it had occurred in 1998 and 2002. We reject both of these contentions and hold that the trial court properly used a nunc pro tunc entry to correct appellant's sentence.
 {¶ 25} R.C. 2929.191 explicitly permits the trial court to enter a nunc pro tunc judgment entry to correct a previous sentencing order that omitted the notice regarding post-release control. R.C. 2929.191(A)(2) states: "If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section * * * the courtshall place upon the journal of the court an entry nunc pro tunc torecord the correction to the judgment of conviction and shall provide a copy of the entry to the offender * * *." (Emphasis added.)
 {¶ 26} The Supreme Court of Ohio in State ex. rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5797, explained that a nunc pro tunc judgment entry may be used in two instances under the court's jurisdiction. Generally, "trial courts lack authority to reconsider their own valid final judgments in criminal cases." Id. at ¶ 18, quotingState *Page 7 ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 338; State ex rel.Hansen v. Reed (1992), 63 Ohio St.3d 597, 599. However, "this general rule is subject to two exceptions under which the trial court retains continuing jurisdiction." Cruzado at ¶ 19, citing State v.Garretson (2000), 140 Ohio App.3d 554, 559. "First, a trial court is authorized to correct a void sentence." Id. citing Garretson at 559, citing State v. Beasley (1984), 14 Ohio St.3d 74, 75. "Second, a trial court can correct clerical errors in judgments." Id. citing Crim.R. 36. Furthermore, a "`clerical mistake' refers to a mistake oromission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Id. at ¶ 19, citing State v.Brown (2000), 136 Ohio App.3d 816, 819-820.
 {¶ 27} When the trial court neglected to inform appellant of his post-release control, the sentence was rendered void since "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. at ¶ 20, citing Beasley at 75. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." Id. citing State v. Jordan,104 Ohio St.3d 21. Thus, the trial court properly gave notice, held a hearing, and used the nunc pro tunc judgment entry to resentence appellant.
 {¶ 28} Further, "[t]he court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so *Page 8 
supervised * * *." R.C. 2929.191(A)(2). (Emphasis added.) Thus, appellant's fourth assignment challenging the dates of the nunc pro tunc entry must fail as well. We note that the two nunc pro tunc judgment entries document the date of appellant's original sentence and the filing date reflects the date of the actual resentencing. Thus, there is no confusion as to when these events occurred.
 {¶ 29} Appellant's first and fourth assignments of error are overruled.
 {¶ 30} The Constitutionality of R.C. 2929.191 — Separation ofPowers
 {¶ 31} In the next four assignments of error, appellant challenges the constitutionality of the imposition of post-release control as it concerns his sentence. In his second assignment of error, appellant contends that his Fifth Amendment rights were violated because his sentence was effectively increased by the subsequent addition of post-release control. Thus, appellant argues the legislature has violated the separation of powers doctrine by invading the province of the judiciary. We reject this contention.
 {¶ 32} Appellant's sentence was not increased by the imposition of post-release control following his incarceration. Indeed, this condition is a mandatory requirement of appellant's sentence that existed at the time of appellant's original sentence. Woods v. Telb (2000),89 Ohio St.3d 504, 512. The failure to notify appellant at the original sentencing hearing does "not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division." R.C. 2967.28(B).
 {¶ 33} Appellant's argument that the legislature violated the separation of powers doctrine by enacting R.C. 2929.191 must fail. The Supreme Court of Ohio in Woods, supra, stated: "the administration of justice by the judicial branch of the government *Page 9 
cannot be impeded by the other branches of the government in the exercise of their respective powers." Id. at 511. (Citations omitted.) However, the court found that no judicial function was usurped by the legislature's enactment of R.C. 2967.28 since post-release control is "part of the original judicially imposed sentence." Id. at 512. Further, "post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime * * *." Id. More fundamentally, neither R.C. 2929.191 nor R.C. 2967.28 impedes the judiciary by invading the province of the sentencing court.
 {¶ 34} As the Fifth Appellate District noted in a similar case,State v. Merideth (2007), 5th Dist. No. 06-CA-15, 2007-Ohio-176; "Clearly the determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." Id. at ¶ 16, citing State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132, 136, citing State ex rel. Atty Gen.v. Peters (1885), 43 Ohio St. 629, 648. "Because the task of resentencing an offender on account of a void sentence falls on the judicial branch via the trial court, we hold appellant's recall for resentencing in this matter did not violate the doctrine of separation of powers." Id. We find this reasoning persuasive.
 {¶ 35} Appellant's second assignment of error is overruled.
 {¶ 36} Ex Post Facto and Double Jeopardy
 {¶ 37} In his third assignment of error, appellant argues that his constitutional rights were violated when the court applied R.C.2929.191, which became effective on July 11, 2006, in a retroactive and ex post facto manner. Appellant specifically contends this violates his constitutional guarantees against double jeopardy under *Page 10 
Article 1, Section 10 of the United States Constitution and Article II, Section 28 of the Ohio Constitution. We reject this contention.
 {¶ 38} "In construing Ohio's constitution, we must adapt the test for retroactive legislation to apply to retroactive judicial decisions. In determining whether a law violates Section 28, Article II of the Ohio Constitution, we must first evaluate whether the court intended its holding to apply retroactively." State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, ¶ 27. (Citations omitted.) "Even though a law may apply retroactively, it is not necessarily unconstitutional. A substantive retroactive law will be held unconstitutional, while a remedial retroactive law will not." Id. at ¶ 28. Further, "[a] statute is substantive if it `impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.`" Id.
 {¶ 39} R.C. 2929.191 was enacted in reaction to the decision inHernandez v. Kelly (2006), 108 Ohio St.3d 395, 2006-Ohio-126. InHernandez, the trial court failed to notify the defendant at his resentencing that a mandatory period of post-release control would be imposed, nor was such notification incorporated in the judgment entry. Yet, upon his release from prison, post-release control was imposed and subsequently the defendant was imprisoned for violating conditions of his post-release control.
 {¶ 40} The Supreme Court of Ohio granted a writ of habeas corpus and compelled the defendant's release from prison since he was being held for violating a non-existent condition. In doing so, the court effectively held that resentencing the defendant could not be permitted because the defendant's journalized sentence had already expired. *Page 11 
 {¶ 41} Six months later, the General Assembly enacted R.C. 2929.191
and explicitly declared that this statute shall be applied retroactively and is remedial in nature. In enacting R.C. 2929.191, "the legislature has specifically declared that the statutory amendments, including the enactment of R.C. 2929.191, are remedial, not substantive. It has stated that the offenders described in the statutes are always subject to post-release control by operation of law without the need for any prior notification or warning, and that the `clarifying, remedial amendments' apply to all convicted offenders described in R.C. 2929.191(A) `regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act.'" State v. Bankhead (2007), 1st Dist. No. C-060480, 2007-Ohio-1314, ¶ 11, citing Section 5(B), Am. Sub. H.B. No. 137.
 {¶ 42} Four months later, the Supreme Court of Ohio reviewed the newly enacted R.C. 2929.191 in State ex. rel. Cruzado, 111 Ohio St.3d 353,2006-Ohio-5795. The defendant in Cruzado was told orally at the time of sentencing that he would be subject to five years of post-release control, but the trial court failed to include such notification in the judgment entry. The Court found that the trial court had followed a procedure similar to that set forth in R.C. 2929.191 and properly resentenced the defendant to post-release control, pursuant to R.C.2967.28(B)(2) since the court did so before the defendant's release from incarceration.
 {¶ 43} Troubled though we may be, we are nonetheless bound to follow the precedent established by the Ohio Supreme Court in Cruzado and the precedent that has since been established by this court in State v.Leonard (2007), 11th Dist. No. 2006-A-0064, 2007-Ohio-1545. InLeonard, we similarly found that R.C. 2929.19 and *Page 12 
R.C. 2929.191 may be used to remediate the void judgment, as we held that "[a]fter July 11, 2006, a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding post-release control." Id. at ¶ 18. See, also, State v. Sharpless, 11th Dist. No. 2006-P-0088, 2007-Ohio-1922, in which the identical four assignments of error were rejected.
 {¶ 44} Fundamentally, there is no ex post facto violation since "[t]he statutory amendments affect only the remedy provided, not the offender's substantive rights. They do not impose new burdens, duties, or obligations related to a past transaction, take away vested rights, or create new rights." Bankhead at ¶ 13, citing State v. Cook,83 Ohio St.3d 404, 410-411. "Correcting the judgment entry does not prejudice the offender. The court merely gives the offender additional written notice of a legal obligation that is tied to the original conviction before the offender begins post-release control. Nothing extends the duration of imprisonment or of post-release control beyond what was contemplated at the original sentencing." Id. citing State v.Ramey, 10th Dist. No. 06AP-245, 2006-Ohio-6429, at ¶ 17. See, also,State v. Rich, 5th Dist. No. 2006 CA 00171, 2007-Ohio-362. Thus, R.C.2929.191 does not violate Section 28, Article II of the Ohio Constitution, or Article I, Section 10 of the United States Constitution.
 {¶ 45} Nor does resentencing appellant offend double jeopardy guarantees since there is no expectation of finality in a void sentence.
 {¶ 46} When dealing with a void or illegal sentence, the proper remedy is to resentence the defendant. Cruzado at ¶ 20, citing State v.Jordan, 104 Ohio St.3d 21. Thus, "an invalid sentence may be corrected although the defendant began to serve the invalid sentence."Ramey at ¶ 16, citing Bush. See, also, State v. Beasley (1984), *Page 13 14 Ohio St.3d 74. The rationale is that "an invalid sentence for which there is no statutory authority is * * * a circumstance under which there can be no expectation of finality" to trigger the protections of the Double Jeopardy Clause." State v. McColloch (1991), 78 Ohio App.3d 42,46; Ramey at ¶ 16. Thus, double jeopardy guarantees have not been offended by resentencing appellant.
 {¶ 47} Appellant's third assignment of error is overruled.
 {¶ 48} Res Judicata
 {¶ 49} In his fifth assignment of error, appellant argues that he was denied due process of law when the court failed to apply the doctrine of res judicata since he contends his sentence was effectively increased by the imposition of post-release control and the state failed to raise the issue of post-release control during any appeal. We reject this argument.
 {¶ 50} Similar to claims of double jeopardy violations, claims of a res judicata bar do not apply to a void sentence. "When a court fails to perform its statutory duty of advising of post-release control and including it as part of its sentence, the original sentence is void because post-release control was not properly imposed." Ramey at ¶ 14. "Moreover, in such cases, the sentencing court on remand is not modifying the sentence, but is correcting a statutorily incorrect sentence." Id. Appellant's sentence was void due to the trial court's initial failure to notify appellant of the mandatory requirement of post-release control following incarceration. The court properly returned appellant to the court for resentencing since resentencing is the proper remedy when dealing with a void sentence. State v.Broyles, 5th Dist. No. 2006CA00170, 2007-Ohio-487, ¶ 12, citingCruzado at ¶ 19-20. See, also, Ramey at ¶ 14. *Page 14 
 {¶ 51} As the Fifth Appellate District noted in a similar case,State v. Broyles, supra, at fn2: "At oral argument, appellant argued that the Cruzado decision rendered his sentence merely voidable, not void; therefore, res judicata is applicable. The Ohio Supreme Court did not specifically address the issue of `void' versus `voidable' inCruzado. The Court did however, reiterate the term `void' as used inBeasley, and we must interpret the language as such and find res judicata does not apply."
 {¶ 52} Appellant's fifth assignment of error is overruled.
 {¶ 53} The Right of Allocution
 {¶ 54} In his sixth assignment of error, appellant argues that his right of allocution was violated since his sentence was effectively increased due to the imposition of the mandatory post-release control. We reject this argument.
 {¶ 55} "Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." State v. Campbell (2000),90 Ohio St.3d 320, 323. The Supreme Court of Ohio held inCampbell: "[I]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." Id. at 326. The purpose of the right to allocution is to allow a defendant the opportunity "to make a statement in his or her own behalf or present any information in mitigation of punishment." Id. at 323.
 {¶ 56} However, as we have noted numerous times above, appellant's notification of post-release control does not equate to an increase in his overall *Page 15 
sentence. The purpose of appellant's resentencing was to give appellant notice of a condition that already existed at the time of his original sentence. Appellant's right to allocution is not affected as the right to allocution only applies during the time of sentencing and the very purpose of allocution is to mitigate the punishment. Campbell at 323. As we held in State v. Sharpless: "Criminal Rule 32 `does not apply to resentencing.'" Id. at ¶ 44, citing State v. Huber, 8th Dist. No. 85082,2005-Ohio-2625, ¶ 8; Booker v. Engle (S.D. Ohio 1982),535 F. Supp. 1300, 1302-1303 ("nothing in the language of Rule 32 * * * or the cases construing [the] same * * * suggests] that the procedures set forth therein for original sentencing must be followed and repeated for resentencing.")
 {¶ 57} In this case we are concerned solely with the issue of properly notifying appellant of the mandatory imposition of post-release control. Although appellant is entitled, pursuant to R.C. 2929.191(C), to have a right to speak at the hearing, appellant's right to speak does not affect the length of the post-release control that must be applied in this case. Thus, the trial court's failure to allow appellant to speak in this case is harmless error at best. We also note that if we did find this to be plain error, appellant would not be amenable to post-release control as his term of incarceration has already expired and his post-release control term has since commenced. In fact, a review of the record reveals that although the trial court failed to address appellant personally, the court did hold an extensive dialogue with appellant's attorney where he voiced his objections prior to the resentencing.
 {¶ 58} Furthermore, even at the time of sentencing where the right of allocution is applicable, the trial court's failure to address a defendant personally and allow him or *Page 16 
her, the opportunity to exercise their right of allocution does not automatically render the sentence void. Resentencing is not warranted if "the error is invited error or harmless error." Campbell at 326. Thus, even if appellant's right to allocution were implicated in this resentencing hearing, the error is harmless at best since no statement by appellant, no matter how eloquent or persuasive, could eviscerate the mandatory requirement of post-release control.
 {¶ 59} Appellant's sixth assignment of error is overruled.
 {¶ 60} The judgment of the Portage County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, GENE DONOFRIO, J., Seventh Appellate District, sitting by assignment, concur. *Page 1