OPINION
{¶ 1} Appellant, Scott Allan Johnson, appeals the Trumbull County Court of Common Pleas' judgment entry resentencing in order to comply with R.C. 2967.28(B), the statute governing mandatory post-release control notification. We affirm.
 {¶ 2} On January 24, 2003, the Trumbull County Grand Jury indicted appellant on one count of robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3) (B); and failure to comply with the order or signal of a police officer, a felony of the *Page 2 
third degree, in violation of R.C. 2921.33(B) (C)(1) (5)(a)(ii) (D). On February 21, 2003, appellant pleaded guilty to the indictment. Appellant was placed on five years community control subject to the supervision of the Adult Probation Department. Appellant failed to meet the terms of his probation and, on September 8, 2005, a probation revocation hearing was held during which appellant's probation was revoked. On September 14, 2005, the trial court filed its judgment entry on sentence ordering appellant to serve one year of incarceration for each conviction to be served consecutively to one another. The trial court failed to notify appellant that he would be subject to post release control after his release. No appeal followed the imposition of sentence.
 {¶ 3} Approximately 7 months later, the trial court determined it was obligated to resentence appellant to notify him of the imposition of post release control and journalize the same. On April 13, 2006, over appellant's objection, appellant was brought before the trial court for resentencing. The trial court resentenced appellant to the same term of incarceration, but notified appellant during the hearing that he would be subject to post release control. Appellant appealed and alleges one assignment of error:
 {¶ 4} "The trial court lacked jurisdiction to resentence appellant."
 {¶ 5} Under his sole assignment of error appellant contends the trial court did not have jurisdiction to resentence him after he had entered the custody of the state prison system without an appellate order reversing the original sentence and remanding the matter for resentencing.
 {¶ 6} R.C. 2967.28(B) provides: *Page 3 
 {¶ 7} "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment."
 {¶ 8} Appellant's indictment and plea agreement indicate he committed a third degree felony robbery offense wherein he did use, or threaten to use, force against two victims. Appellant evidently concedes his plea of guilty on the robbery count subjected him to mandatory post-release control as set forth in R.C. 2967.28(B).
 {¶ 9} Notwithstanding this concession, appellant contends, absent an appellate order remanding the matter for resentencing, the trial court had no jurisdiction to act as it did. In support, appellant cites the Supreme Court of Ohio's holding in State v. Jordan (2004),104 Ohio St.3d 21, 2004-Ohio-6085. In Jordan, the court held that a felony offender sentenced to imprisonment must be notified by the trial court at the sentencing hearing about post-release control and that notice must be incorporated into the court's judgment entry imposing sentence. Id. at paragraph one of the syllabus. The court further held that a trial does not comply with this mandate where it merely incorporates the notice into the judgment entry without notifying the offender during the sentencing hearing. Id. at paragraph two of the syllabus. Under such circumstances, "the sentence must be vacated and the matter remanded to the trial court for resentencing." Id.
 {¶ 10} Appellant places heavy emphasis upon this last sentence. Specifically, because an appellate court is the only body which can vacate a sentence and remand a *Page 4 
matter for resentencing, a trial court is powerless to independently correct its original omission. In his own words, appellant observes:
 {¶ 11} "Glaringly absent from the holding in Jordan is any discussion of a case involving a trial court's resentencing a defendant based upon failure to include post release control language in its judgment entry where no party has appealed, no appellate court has ordered resentencing, and the offender has been transferred into custody of the state prison system."
 {¶ 12} In appellant's view, once he was transferred into the custody of the prison system, the trial court did not have the power, absent an appellate order of remand, to unilaterally require him reappear for a resentencing hearing and amend his sentence through a sua sponte order of resentencing.
 {¶ 13} While appellant's assertion is generally correct, i.e., a trial court may not resentence a defendant absent an order remanding the matter for such a proceeding, there are exceptions to this rule. InState ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, the Supreme Court of Ohio had occasion to address such exceptions. InCruzado, the defendant, Cruzado, pleaded guilty to a second degree felony for robbery which required only three years of post-release control. However, Judge Zaleski informed Cruzado he would be subject to a post-release control period of five years. On July 18, 2003, Cruzado was sentenced to a term of three years on the robbery conviction and one year on a separate attempted escape conviction, to be served concurrently. In the sentencing entry for Cruzado's robbery conviction, the form used by the court included language regarding "post conviction control," but this applied only to an unchecked section for repeat violent offenders and major drug offenders, *Page 5 
which did not apply to the defendant. The parties conceded that the sentencing entry did not contain a written statement concerning post-release control. The sentences were not appealed.
 {¶ 14} On May 24, 2006, before the expiration of the Cruzado's three-year sentence for the robbery conviction, the trial court held a resentencing hearing at which Judge Zaleski notified the Cruzado of the mandatory three-year period of post-release control. The trial court filed its judgment entry reflecting Cruzado's resentencing. Upon expiration of his robbery sentence, Cruzado was released from prison and placed on a three-year term of postrelease-control as ordered by the resentencing order.
 {¶ 15} Cruzado filed for a writ of prohibition prior to the resentencing hearing to prevent the trial court from conducting the hearing. However, because the resentencing hearing had already occurred Cruzado sought a writ of prohibition to vacate the resentencing and void his post-release control. The Supreme Court granted an alternative writ and ordered the parties to submit evidence and briefs. Cruzado argued the trial court lacked authority to reconsider its own final judgment and thus the resentencing was invalid. The Supreme Court agreed that a trial court may not generally reconsider its own valid final order but observed this rule is tempered by two exceptions under which a trial court retains jurisdiction. Id. at ¶ 19. The first allows a court to correct a void sentence. Id., see, also, State v. Beasley (1984),14 Ohio St.3d 74, 75. The second permits a trial court to correct clerical errors in judgments. Cruzado, supra; see, also, Beasley, supra; Crim.R.36.
 {¶ 16} Under the circumstances, the Supreme Court determined Judge Zaleski's error fell within the first exception. Specifically, the court stated: *Page 6 
 {¶ 17} "In the July 2003 sentencing entry for Cruzado's robbery conviction, Judge Zaleski did not include the three-year postrelease-control term, which R.C. 2967.28(B)(2) requires for a second-degree-felony conviction such as Cruzado's. `Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.' Beasley,14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. `[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.' State v. Jordan,104 OhioSt.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, P23." Cruzado, at ¶ 20.
 {¶ 18} The Supreme Court emphasized that a trial court may only correct a void sentencing order by resentencing where the defendant's sentence has not expired. Id. at ¶ 27; see, also, Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. Where a defendant's sentence has not been completed, a trial court is "authorized to correct the invalid sentence to include the appropriate, mandatory postrlease-control term." Id. at ¶ 28.
 {¶ 19} In the instant matter, the trial court properly resentenced appellant. The failure to include the mandatory post-release control notification rendered the original sentence void. Under such circumstances, an appeal was unnecessary because the trial court failed to apply the law as written. See, e.g., Bradley, supra, 75. Although the syllabus in Jordan implies the failure to comply with the notification requirements of R.C. 2967.28(B) must be vacated and remanded onappeal, pursuant to Cruzado and Bradley we do not believe an appellate remand is necessary. Jordan would clearly apply where an appeal is filed; however, because a trial court's failure to follow the dictates of R.C. 2967.28(B) render the sentencing entry void, the trial court possesses *Page 7 
jurisdiction to correct its own omission if and when the error is discovered without an appellate court remand.
 {¶ 20} Appellant's assignment of error lacks merit.
 {¶ 21} For the reasons just discussed, the judgment entry of the Trumbull County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.