OPINION
{¶ 1} Defendant-appellant, Derek Taylor, appeals the judgment of the Ashtabula County Court of Common Pleas, imposing a five-year term of post-release control, following a sentencing hearing conducted pursuant to R.C. 2929.191. We affirm the judgment of the court below.
 {¶ 2} On January 10, 2002, the Ashtabula County Grand Jury returned a three count indictment against Taylor, charging him with one count of Aggravated Robbery, a felony of the first degree, in violation of R.C.2911.01; one count of Complicity to *Page 2 
Commit Aggravated Robbery, a felony of the first degree, in violation of R.C. 2923.03(A)(2) and R.C. 2911.01(A)(1); and one count of Participating in a Criminal Gang, a felony of the second degree, in violation of R.C. 2923.42.[1]
 {¶ 3} On January 16, 2002, Taylor entered a plea of not guilty to all charges.
 {¶ 4} On March 25, 2002, Taylor withdrew his plea of not guilty and pled guilty to one count of Aggravated Robbery with a Gang Specification pursuant to a negotiated plea agreement, with a joint sentencing recommendation of six years. The remaining charges were nolled. The plea agreement further stated that Taylor may be subject to "a period of post-release control for five (5) years" following his release from prison.
 {¶ 5} Taylor was subsequently sentenced to three years for Aggravated Robbery and three years on the Gang Specification, to be served consecutively, for a total sentence of six years. Taylor was given 97 days credit for time served. In the original sentencing entry, the trial court neglected to mention the mandatory provision regarding post-release control for felonies of the first degree, as required by R.C. 2929.19(B)(3)(c).
 {¶ 6} On January 24, 2007, Taylor was brought back into court for the purposes of conducting a resentencing hearing, pursuant to R.C.2929.191(C). Following the sentencing hearing, the trial court entered a judgment entry, pursuant to R.C. 2929.191(A)(2) reinstating Taylor's original sentence, correcting the original entry to impose the required additional term of five years post-release control, pursuant to R.C.2967.28(B)(1).
 {¶ 7} Taylor timely appeals the trial court's judgment entry of sentence and raises the following as his sole assignment of error for our review: *Page 3 
 {¶ 8} "A trial court may not add post-release control to a sentence except as ordered by a court of appeals on a timely direct appeal."
 {¶ 9} Several arguments are raised in support of Taylor's assignment of error.
 {¶ 10} In his first argument, Taylor cites to the Ninth District case of State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, to support his proposition that "[challenges to criminal sentences must be raised in the trial court or they are waived." He argues thatDudukovich applies to errors that render a sentence "void." Id. at ¶¶ 23-24. Thus, the State, having failed to object at his initial sentencing hearing in which the post-release control term was not included, and further having failed to appeal this sentence, waived its right to assert that post-release control should be made part of his sentence at a later date.
 {¶ 11} We note, at the outset, that the issue in Dudukovich was limited to an examination of the defendant's ability to assert constitutional challenges to Ohio's sentencing statutes beyond those considered in the Supreme Court's decisions in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. Foster held certain aspects of Ohio's sentencing statutes mandating judicial factfinding prior to the imposition of sentence unconstitutional, judicially severed the offending portions of the statute, and stated that all sentences imposed under these statutes were void. 2006-Ohio-856, at ¶¶ 102-103.
 {¶ 12} The court in Dudukovich, consistent with "ordinary prudential doctrines," held that since the "[d]efendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge," he was "precluded from raising such an argument for the first time on appeal." 2006-Ohio-1309, at ¶¶ 23-25. *Page 4 
 {¶ 13} However, Taylor seeks to extend the holding ofDudukovich to apply to a remand for resentencing to correct the prior omission of post-release control terms under R.C. 2929.191. In essence, he argues that the state is obligated to object to the sentence because the court did not include the post-release control provision in the original sentence, as required by law, and was further obligated to appeal the original sentence, in order to allow for the court to be able to resentence him to include post-release control.
 {¶ 14} The state need not object to the trial court's omission, because the court retains continuing jurisdiction under R.C. 2929.191 to correct a sentence to include post-release control. As we have held, "[t]he only restriction to a trial court's continuing jurisdiction tocorrect a sentencing entry regarding post[-]release control is that the court may not correct a sentence after the expiration of the offender's original sentence." State v. Sharpless, 11th Dist. No. 2006-P-0088, 2007-Oho-1922, at ¶ 23 (citation omitted). We reasoned that the failure of the trial court to "follow the dictates of R.C. 2967.28(B) rendered] the sentencing entry void," and thus, "the trial court possesses jurisdiction to correct its own omission if and when the error is discovered without an appellate court remand." State v. Johnson, 11th Dist. No. 2006-T-0066, 2007-Ohio-3844, at ¶ 19 (citations omitted).
 {¶ 15} Taylor next argues that the principle of res judicata "bars a trial court from adding post-release control to a sentence after the time for appeal has run, and that the later imposition of post-release control violates State and Federal Constitutional prohibitions against double jeopardy. These arguments have also been rejected by this court. See Sharpless, 2007-Ohio-1922, at ¶ 27-30 (double jeopardy) and ¶¶ 39-41 (res judicata); see also, State v. Barnes, 11th Dist. No. 2006-P-0089, 2007-Ohio-3362, *Page 5 
at ¶ 45 ("resentencing appellant" does not "offend double jeopardy guarantees") and ¶ 50 ("[s]imilar to claims of double jeopardy violations, claims of a res judicata bar do not apply to a void sentence").
 {¶ 16} Taylor further argues that the trial court's later imposition of post-release control to his sentence violated his "expectation of finality" to his sentence and thus, implicated his State and Federal Constitutional rights to due process.
 {¶ l7} Since Taylor's sentence was not completed prior to the resentencing, there was no such violation. Barnes, 2007-Ohio-3362, at ¶ 45 ("there is no expectation of finality in a void sentence");Johnson, 2007-Ohio-3844, at ¶ 18 ("The Supreme Court emphasized that a trial court may only correct a void sentencing order by resentencing where the defendant's sentence had not expired.") (citation omitted).
 {¶ 18} Taylor next argues that Cruzado was wrongly decided on the issue of the trial court's jurisdiction to conduct a resentencing hearing. Even if we assume, arguendo, that this were true, "we are * * * bound to follow the precedent established by the Ohio Supreme Court inCruzado and the precedent that has since been established by this court." Barnes, 2007-Ohio-3362, at ¶ 43 (citations omitted).
 {¶ l9} Taylor further argues that the enactment of Ohio H.B. 137, which created R.C. 2929.191 violated the "single subject rule" of Section 15(D), Article II of the Ohio Constitution, because the bill concerned "only measures regarding the sealing of juvenile court records," with the "post[-]release control provisions being added only shortly before passage."
 {¶ 20} Section 15(D), Article II of the Ohio Constitution provides: "No bill shall contain more than one subject, which shall be clearly expressed in its title." *Page 6 
 {¶ 21} We find no violation of the constitution in the enactment of the bill in question. A review of title to Am. Sub. H.B. 137 states that it was, inter alia, "An Act * * * to make changes to the post-release control law * * *."
 {¶ 22} The Ohio Supreme Court has stated that only "[a] manifestly gross and fraudulent violation of the one-subject provision contained in Section 15(D), Article II of the Ohio Constitution will cause an enactment to be invalidated." In re Nowak, 104 Ohio St.3d 466,2004-Ohio-6777, at paragraph one of the syllabus. Our review of the applicable bill reveals no such violation.
 {¶ 23} Lastly, Taylor challenges R.C. 2929.14(F) on the basis that it violates the separation of powers doctrine. We disagree.
 {¶ 24} R.C. 2929.14(F)(1) states, in relevant part, that "[i]f a court imposes a prison term for a felony of the first degree, * * * it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a court to include a post-releasecontrol requirement in the sentence pursuant to this division does notnegate, limit, or otherwise affect the mandatory period of post-releasecontrol that is required for the offender under division (B) of section2967.28 of the Revised Code." (Emphasis added).
 {¶ 25} Taylor reads the aforementioned language to conclude that the statute authorizes the executive branch, i.e. the Adult Parole Authority, to impose the sanction without a court order. This conclusion, however, ignores the remainder of the statute, which states that: "Section 2929.191 * * * of the Revised Code applies if, prior toJuly 11, 2006, a court imposed a sentence including a prison term of atype described in this *Page 7 division and failed to include in the sentence pursuant to this divisiona statement regarding post-release control." (Emphasis added).
 {¶ 26} Since Taylor falls within this category, R.C. 2929.191 applies.
 {¶ 27} That statute states, in relevant part, that "a court * * * shall not issue the correction [to a judgment which failed to notify the offender that he will be supervised under section 2967.28 of the Revised Code] * * * until after the court has conducted a hearing * * *. Before a court holds a hearing * * * the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing * * *. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction." R.C. 2929.121(C).
 {¶ 28} As is clear from the foregoing, the Adult Parole Authority cannot enforce the sanction unless the court complies with the notice and hearing requirements of R.C. 2929.191. Furthermore, this court has held that there was no violation to the separation of powers doctrine by the legislature enacting R.C. 2929.191. Barnes, 2007-Ohio-3362, at ¶ 33.
 {¶ 29} For the foregoing reasons, Taylor's assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] Counts One and Two contained associated Firearm and Gang Specifications. *Page 1