OPINION
{¶ 1} Appellant, Robert J. Leonard, appeals from a judgment entry of the Ashtabula Common Pleas Court. On review, we affirm the trial court's judgment entry.
 {¶ 2} Leonard was convicted in 2002 of aggravated vehicular assault, a felony of the third degree and sentenced on July 26, 2002 to five years in prison. The trial court's judgment entry of sentence did not contain a notice regarding postrelease control. *Page 2 
 {¶ 3} On September 5, 2006, the trial court entered a nunc pro tunc judgment entry of sentence. This latter judgment entry again imposed a five-year prison sentence and did contain a notice that Leonard would be on postrelease control for three years. Leonard asserts that the trial court was without authority to resentence him, raising the following single assignment of error:
 {¶ 4} "The trial erred when it re-sentenced appellant following the decision of Hernandez v. Kelly."
 {¶ 5} In this assignment of error, Leonard is relying on the decision from the Supreme Court of Ohio in the case of Hernandez v.Kelly.[1] In that decision, that court held that the Ohio Adult Parole Authority may not impose postrelease control unless the trial court notified the defendant at his sentencing hearing that he would be subject to postrelease control and incorporated postrelease control into its sentencing order.[2]
 {¶ 6} Leonard argues that a trial court has authority to correct a sentence only in connection with a direct appeal; that allowing the trial court to correct a sentence in the absence of a direct appeal undermines the sentencing statutes; that res judicata bars the trial court from initiating a correction to a previous judgment entry; and that a sentence, newly imposed so close to his stated prison term, violates Leonard's "expectation of finality" and triggers double jeopardy and due process concerns.
 {¶ 7} However, Leonard's argument ignores the statutory enactments that permit the trial court to enter a nunc pro tunc judgment entry to correct a previous sentencing order that omitted the notice regarding postrelease control. *Page 3 
 {¶ 8} Specifically, R.C. 2929.19 and 2929.191 now authorize a trial court to correct a sentencing order that omitted a notice regarding postrelease control.
 {¶ 9} R.C. 2929.19(B)(3)(c) provides, in pertinent part, as follows:
 {¶ 10} "Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of this section [third-degree felony offense in which the offender caused physical harm to a person] and failed to notify the offender pursuant to division (B)(3)(c) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control."
 {¶ 11} We note that Leonard's conviction was for a third-degree felony offense where he caused physical harm to another person.
 {¶ 12} R.C. 2929.191(A)(1) provides, in pertinent part, as follows:
 {¶ 13} "If, prior to the effective date of this section [July 11, 2006], a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will *Page 4 
be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 14} We note that the trial court did conduct a hearing in accordance with R.C. 2929.191(C). Leonard and his attorney were present at the hearing. The trial court entered a correcting judgment entry prior to the time Leonard was scheduled to be released from prison. The correcting judgment entry notified Leonard that he will be subject to postrelease control for three years.
 {¶ 15} R.C. 2929.191(B)(2) provides that a correcting judgment entry shall be labeled a "nunc pro tunc" judgment entry and that such entry shall have the following effect:
 {¶ 16} "The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19
of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control."
 {¶ 17} Division (C) of R.C. 2929.191 requires the trial court to conduct a hearing relative to the correction of the original sentencing order and to give notice of the "date, time, place, and purpose" of the hearing. The offender may be present in person or by means of video conferencing. *Page 5 {¶ 18} Thus, the above statutory enactments supersede the decision inHernandez v. Kelly[3] After July 11, 2006, a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding postrelease control.
 {¶ 19} Leonard does not challenge the validity of those statutory enactments.
 {¶ 20} "It is well settled that legislation enjoys a presumption of constitutionality.[4] A statute will be given a constitutional interpretation if one is reasonably available.[5] The constitutional presumption remains unless it is proven beyond a reasonable doubt that the legislation is unconstitutional.[6] "[7]
 {¶ 21} Thus, the trial court had the requisite authority to resentence Leonard and to notify him that he would be on postrelease control for three years.
 {¶ 22} The assignment of error is without merit.
 {¶ 23} The judgment entry of the trial court is affirmed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126.
[2] Id. at ¶ 27.
[3] State v. Baker, 1st Dist. No. C-050791, 2006-Ohio-4902, at ¶ 7, fn. 5. See, also, State v. Fitzgerald, 8th Dist. No. 86443,2006-Ohio-6575, at ¶ 41-43 (citations omitted) and State ex rel. Cruzadov. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 29.
[4] State ex rel. Haylett v. Ohio Bur. of Workers' Comp. (1999),87 Ohio St.3d 325, 328.
[5] State v. Keenan (1998), 81 Ohio St.3d 133, 150.
[6] State v. Williams (2000), 88 Ohio St.3d 513, 521.
[7] State v. Thompson (2001), 92 Ohio St.3d 584, 586. *Page 1