OPINION
{¶ 1} Appellant, Michael P. McKay, appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court entered a nunc pro tunc judgment entry of sentence, which included a mandate that McKay be subject to postrelease control. *Page 2 
 {¶ 2} In 2000, McKay was indicted on three counts, including: illegal manufacture of drugs, a second-degree felony, in violation of R.C.2925.04; aggravated possession of drugs, a second-degree felony, in violation of R.C. 2925.11; and possession of criminal tools for a felony purpose, a fifth-degree felony, in violation of R.C. 2923.24. A jury found McKay guilty of all three counts. McKay was sentenced to seven-year prison terms on counts one and two, and an eleven-month term on count three. These terms were ordered to be served concurrently. The trial court's January 22, 2001 judgment entry did not mention postrelease control.
 {¶ 3} McKay appealed the trial court's original judgment entry of sentence to this court. This court affirmed McKay's convictions and sentence in August 2002.[1]
 {¶ 4} In August 2006, a resentencing hearing was held. Thereafter, the trial court issued a nunc pro tunc judgment entry of sentence. The trial court sentenced McKay to seven-year prison terms for his convictions on counts one and two, and an eleven-month term for his conviction on count three, with these terms to be served concurrently. In addition, the trial court ruled that McKay be subject to postrelease control for three years following his release from prison.
 {¶ 5} McKay has appealed the trial court's September 5, 2006, nunc pro tunc judgment entry to this court. He raises the following assignment of error:
 {¶ 6} "The trial court erred when it re-sentenced Appellant following the decision of Hernandez v. Kelly."
 {¶ 7} In Hernandez v. Kelly, the Supreme Court of Ohio held that the Ohio Adult Parole Authority may not impose postrelease control unless the trial court notified the *Page 3 
defendant at his sentencing hearing that he would be subject to postrelease control and incorporated postrelease control into its sentencing order.[2] *Page 4 
 {¶ 8} McKay argues that a trial court only has authority to correct a sentence in connection with a direct appeal; that permitting the trial court to correct a sentence in the absence of a direct appeal undermines the sentencing statutes; that res judicata bars the trial court from correcting a previous judgment entry; and that a sentence, newly imposed so close to the expiration of his stated prison term, violates his "expectation of finality" and triggers double jeopardy and due process concerns.
 {¶ 9} This court recently addressed these identical issues.[3] InState v. Leonard, this court held that the enactment of R.C. 2929.19 and2929.191 "now authorize a trial court to correct a sentencing order that omitted a notice regarding postrelease control."[4] In addition, this court explained:
 {¶ 10} "Thus, the above statutory enactments supersede the decision inHernandez v. Kelly.[5] After July 11, 2006, a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding postrelease control."[6]
 {¶ 11} Based upon the authority of State v. Leonard, McKay's assignment of error is without merit.
 {¶ 12} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1]. State v. McKay, 11th Dist No. 2001-A-0008, 2002-Ohio-3960.
[2]. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, at ¶27.
[3] State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545, at ¶ 4-22.
[4] Id. at ¶ 8.
[5] State v. Baker, 1st Dist. No. C-050791, 2006-Ohio-4902, at ¶ 7, fn. 5. See, also, State v. Fitzgerald, 8th Dist. No. 86443,2006-Ohio-6575, at ¶ J41-43 (citations omitted) and State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, at 29.
[6] State v. Leonard, at ¶ 18. *Page 1