OPINION
{¶ 1} Appellant, Steven P. Ross, appeals from the December 4, 2006 judgment entry of the Ashtabula County Court of Common Pleas, which resentenced appellant in order to notify him that postrelease control would be imposed following incarceration. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} On February 4, 2002, appellant pled guilty to one count of aggravated robbery with a firearm specification, a first degree felony in violation of R.C. 2911.02; *Page 2 
and one count of felonious assault, a second degree felony in violation of R.C. 2903.11. Appellant was sentenced on March 22, 2002, to a mandatory three-year term for the firearm specification to be served consecutively to two four-year concurrent sentences for the offenses of aggravated robbery and felonious assault. The trial court's judgment entry of the sentence did not contain a notice regarding postrelease control.
 {¶ 4} On December 1, 2006, the trial court held a sentencing hearing to resentence appellant and on December 4, 2006, the trial court issued a nunc pro tunc judgment entry to correct the sentence. The judgment entry again imposed the same sentence, albeit with a notice of the post-release control. Appellant asserts that the trial court was without authority to resentence him, raising the following single assignment of error:
 {¶ 5} "The trial court erred when it re-sentenced appellant following the decision of Hernandez v. Kelly."
 {¶ 6} In this assignment of error, appellant is relying on the decision from the Supreme Court of Ohio in the case of Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. "In that decision, the court held that the Ohio Adult Parole Authority may not impose postrelease control unless the trial court notified the defendant at his sentencing hearing that he would be subject to postrelease control and incorporated postrelease control into its sentencing order." State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545, at ¶ 5.
 {¶ 7} Appellant argues that a trial court only has the authority to correct a sentence on direct appeal and that permitting the trial court to correct a sentence in the absence of a direct appeal undermines the sentencing statutes. Further, appellant contends that res judicata bars the trial court from correcting a previous judgment entry; *Page 3 
and that a sentence, newly imposed so close to the expiration of his stated prison term, violates his "expectation of finality" and triggers double jeopardy and due process concerns.
 {¶ 8} This court recently addressed these identical issues inState v. Leonard, supra, where we held: "the enactment of R.C. 2929.19
and 2929.191 now authorize a trial court to correct a sentencing order that omitted a notice regarding postrelease control." Id. at ¶ 8. See, also, State v. McKay, 11th Dist. No. 2006-A-0066, 2007-Ohio-1923, at ¶ 9.
 {¶ 9} Thus, "the above statutory enactments supersede the decision inHernandez v. Kelly. After July 11, 2006, a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding postrelease control."Leonard at ¶ 18, McKay at ¶ 10; see, also, State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 29.
 {¶ 10} Based upon the authority of State v. Leonard, appellant's assignment of error is without merit.
{¶ ll} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concur. *Page 1