OPINION
{¶ 1} Appellant, Samuel Bruner ("Mr. Bruner"), appeals the January 5, 2007 judgment entry of the Ashtabula County Court of Common Pleas, which resentenced him in order to notify him that upon completion of his prison term he would be subject to a period of postrelease control for a period of five years. For the following reasons, we reverse and remand for a de novo sentencing hearing.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} On June 6, 2002, appellant pled guilty to two counts of rape, in violation of R.C. 2907.02, a felony of the first degree. On September 12, 2002, appellant was sentenced to a definite term of seven years on each rape count, to be served concurrently. The judgment entry did not notify appellant of the possibility for postrelease control.
 {¶ 4} On January 5, 2007, the trial court held a re-sentencing hearing to correct the original judgment entry. The trial court imposed the same sentence but issued a nunc pro tunc entry to correct the sentence by providing appellant with the proper notice regarding postrelease control.
 {¶ 5} Appellant filed the instant appeal, raising one assignment of error: "The trial court erred when it re-sentenced Appellant following the decision of Hernandez v. Kelly."
 {¶ 6} Resentencing Where Offender Was Not Informed of Possibility ofPostrelease Control
 {¶ 7} Appellant contends that because the trial court's original sentence did not provide the proper notification of postrelease control, it was impermissible for the trial court to re-sentence him after-the-fact to "correct" the sentence. Appellant relies onHernandez, which held that the Ohio Adult Parole authority may not impose postrelease control unless the trial court notified the defendant at his or her sentencing hearing that he or she would be subject to postrelease control and incorporated postrelease control into the sentencing order. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126,State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545, at ¶ 5. *Page 3 
 {¶ 8} Appellant argues that providing notification of postrelease control upon resentencing circumvents the purpose behind R.C. 2929.14(F) and 2967.28. Furthermore, he contends that, res judicata and collateral estoppel bars the trial court from correcting the original judgment. Appellant also argues that a new sentence imposed so close in time to the completion of his sentence deprives him of his legitimate expectation of finality.
 {¶ 9} Previously, when faced with the arguments raised by appellant, this court has consistently upheld the trial court's authority to correct a sentence that omits notification of postrelease control. SeeState v. Ross, 11th Dist. No. 2006-A-0088, 2007-Ohio-3388;Leonard. We reasoned that "the enactment of R.C. 2929.19 and 2929.191
now authorize a trial court to correct a sentencing order that omitted a notice regarding postrelease control." Ross, at ¶ 8, citingLeonard at ¶ 8 and State v. McKay, 11th Dist. No. 2006-A-0066,2007-Ohio-1923, at ¶ 9. "Thus, `the above statutory enactments supersede the decision in Hernandez v. Kelly. After July 11, 2006, a trial court may now resentence an offender prior to the expiration of his original stated prison term in order to notify him regarding postrelease control.'" Ross at ¶ 9, citing Leonard at ¶ 18, McKay at ¶ 10, see, also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, at ¶ 29.
 {¶ 10} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Supreme Court of Ohio recently held that "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." Id. at syllabus. The court *Page 4 
emphasized that it is insufficient to "summarily reimpose the original sentence." Id. at ¶ 6. Instead, the court explained that "in such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." Id. at ¶ 13. Thus, the offender is entitled to a de novo sentencing hearing.
 {¶ 11} We are now compelled by the Bezak decision to ensure that an offender who was not provided with notice of postrelease control at his or her original sentencing hearing is afforded a full de novo resentencing hearing rather than one in which the trial court has merely provided the offender with notice of postrelease control and has summarily reimposed the original sentence.
 {¶ 12} Turning to the case at hand, it is clear from the record that the trial court did not conduct a de novo hearing. The court advised Mr. Bruner and counsel that the matter was being heard "for the purpose of correcting the sentence originally imposed." The court further stated: "I suppose technically, if I was not correct in imposing the original sentence, that I probably have to resentence the defendant, but my position on these has been that it's actually to correct an error that I made or an oversight that I made in failing to give you all of the information that the law requires about the possibility of postrelease control." In accordance with Bezak, because the trial court summarily reimposed the original sentence without conducting a new sentencing hearing, we conclude that the matter must be remanded so that the trial court not only advises Mr. Bruner that he is subject to postrelease control but also to afford Mr. Bruner a de novo sentencing hearing where a new sentence may be imposed. *Page 5 
 {¶ 13} The judgment of the Ashtabula Court of Common Pleas is reversed and this case is remanded.
 CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur. *Page 1