OPINION *Page 2 
{¶ 1} Appellant Richard T. Holda appeals the decision of the Richland County Common Pleas Court to sua sponte re-sentence him in order to advise of post-release control terms and conditions. The State of Ohio is the appellee.
 {¶ 2} Appellant was an officer at Mansfield Correctional Institution. Appellant entered into a sexual relationship with an inmate. While on duty, he engaged in repeated sexual conduct with the inmate, who was under his supervision at the time.
 {¶ 3} Appellant plead guilty to six counts of attempted sexual battery and was sentenced to six years in prison. He was later allowed a judicial release on certain specified conditions. Appellant was to serve five years of community control instead of serving the remainder of the time in prison.
 {¶ 4} On the night of July 22, 2003, appellant's probation officer discovered Appellant, wearing only his underwear, alone in his residence with a fourteen-year-old boy. This was a violation of the conditions of appellant's release. After interviewing the juvenile, appellant's probation officer learned that appellant had shown pornography to the boy, and had supplied him with alcohol. The State sought to revoke judicial release for this incident and other incidents of malfeasance.
 {¶ 5} On August 15, 2003, the Common Pleas Court of Richland County revoked Appellant's judicial release and re-imposed the remainder of Appellant's prison sentence. Neither Appellant's original sentencing entry, nor the community control violation journal entry made reference to post-release control.
 {¶ 6} Before appellant's prison term expired, the trial court brought him back before the court to advise appellant that he would be subject to a mandatory term of five *Page 3 
years post-release control. (T. 2, 5). The trial court then issued an amended community control violation journal entry on May 8, 2007 reflecting that advisement.
 {¶ 7} Appellant raises three Assignments of Error:
 {¶ 8} "I. A TRIAL COURT HAS NO AUTHORITY TO CONDUCT A SUA SPONTE, AFTER-THE-FACT RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POSTRELEASE[SIC] AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE AFTER-THE-FACT RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 {¶ 9} "II. THE TRIAL COURT'S MAY 7, 2007 HEARING WAS NOT A DE NOVO SENTENCING HEARING, AS REQUIRED BY STATE V. BEZAK, 114 OHIO ST.3D 94,2007-OHIO-3250, ¶ 6. BECAUSE MR. HOLDA'S SENTENCE HAS EXPIRED, HE CANNOT BE SUBJECT TO RESENTENCING, SO THE PROPER REMEDY IN THIS CASE IS FOR THE COURT TO INSTRUCT THE TRIAL COURT TO NOTE ON THE RECORD THAT MR. HOLDA WILL NOT BE SUBJECT TO RESENTENCING UNDER BEZAK."
 {¶ 10} "III. THE TRIAL COURT'S MAY 8, 2007, "AMENDED" ENTRY IS A NUNC PRO TUNC ENTRY AND IS VOID, AS IT ATTEMPTED TO CORRECT A SUBSTANTIVE ERROR IN THE ORIGINAL SENTENCING ENTRY. THE "AMENDED" ENTRY WAS PREJUDICIAL AND VIOLATED MR. HOLDA'S RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BECAUSE IT IMPOSED A TERM OF POSTRELEASE[SIC] CONTROL THAT WAS NOT INCLUDED IN THE ORIGINAL SENTENCING ENTRY." *Page 4 
 I., II. and III. {¶ 11} Appellant's three assignments of error are interrelated and will be addressed together. Appellant contends the trial court erred in conducting an "after-the-fact" re-sentencing hearing and that his double jeopardy rights were violated. Further, appellant argues that underState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, he cannot be resentenced. Finally, he argues that the trial court's nunc pro tunc entry is void. We disagree because Appellant completely disregards R.C.2929.191.
 {¶ 12} This statute provides, in pertinent part:
 {¶ 13} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code [which includes a prison term for a first degree felony] and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison. * * *"
 {¶ 14} "(B)(2) The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had *Page 5 
included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control."
 {¶ 15} "(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ 16} Trial courts are now statutorily authorized to correct sentencing entries to include omitted post-release control notifications. State v. Dixon, 5th App. No. 2006-CA-19, 2006-CA-20,2007-Ohio-3496 at ¶ 26. "Thus, the above statutory enactments supersede the decision in Hernandez v. Kelly. After July 11, 2006, a trial court may now re-sentence an offender prior to the expiration of his original stated prison term in order *Page 6 
to notify him regarding post release control". State v. Leonard, 11th Dist. No. 2006-A-0064, 2007-Ohio-1545 at ¶ 18. (Footnotes omitted).
 {¶ 17} Appellant relies on the Ohio Supreme Court's decisions inState v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126 and State v. Bezak, supra.
 {¶ 18} Appellant's arguments ignore this statutory enactment, which plainly authorized the hearing conducted by the court here. The trial court held a re-sentencing hearing on May 7, 2007. Appellant was present and represented by counsel. The re-sentencing entry contains the appropriate notification and the court issued a nunc pro tunc entry authorized by R.C. 2929.191. The re-sentencing took place before the expiration of appellant's prison term.
 {¶ 19} Appellant relies heavily on State v. Bezak, supra. The case sub judice and Bezak are distinguishable. This case, unlike Bezak, was not remanded for resentencing. Further, the majority in Bezak did not address this statutory scheme.[1]
 {¶ 20} Here, the trial court corrected the error as mandated by R.C.2929.191. Thus, R.C. 2929.191 provided the trial court with jurisdiction to do what it did. See State v. Leonard, Ashtabula App. No. 2006-A-0064,2007-Ohio-1545. *Page 7 
 {¶ 21} Accordingly, appellant's three assignments of error are overruled.
 {¶ 22} The judgment of the Richland County Common Pleas Court is affirmed.
 Delaney, J., Hoffman, P.J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Justice Lanzinger dissented in Bezak noting that the Legislature enacted R.C. 2929.191 to answer what a trial court must do to correct inadequate notification. She further noted the new statute would not apply to Bezak because he had already been released from prison. *Page 1