OPINION *Page 2 
{¶ 1} Defendant-Appellant, James D. Turner, appeals the decision of the Stark County Court of Common Pleas, subsequent to Appellant's conviction and sentence for having weapons while under disability and carrying concealed weapons, to add a post release control provision. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 27, 2005, the Stark County Grand Jury indicted Appellant on one count of having weapons while under disability, a third degree felony in violation of R.C. 2923.13(A)(2); two counts of carrying concealed weapons, a fourth degree felony in violation of R.C. 2923.12(A)(2) and a first degree misdemeanor in violation of R.C. 2923.12(A)(1); and one count of possession of dangerous drugs, a first degree misdemeanor in violation of R.C. 4729.51(A). On October 11, 2005, Appellee entered a nolle prosequi as to the misdemeanor charges of carrying concealed weapons and possession of dangerous drugs. Appellant pleaded guilty to the felony charges of having weapons under disability and carrying concealed weapons.
 {¶ 3} The trial court accepted the guilty plea and convicted Appellant. On November 14, 2005, the trial court conducted a sentencing hearing and did not notify Appellant on the record that he would be subject to post release control. By judgment entry filed on November 21, 2005, the trial court sentenced Appellant to an aggregate four-year prison term — a three-year prison term for the weapons under disability charge and a one-year prison term for the carrying concealed weapons charge. The trial court included a provision in its judgment entry notifying Appellant that post release control was optional in the case up to a maximum of three years. *Page 3 
 {¶ 4} The trial court filed a nunc pro tunc sentencing entry on December 6, 2005 to also include a $1,000 fine.
 {¶ 5} Appellant filed a petition for post-conviction relief under R.C. 2953.21 on March 29, 2006. The trial court denied the petition. Appellant filed a motion for leave to file a delayed appeal on July 17, 2006, which this Court denied on September 19, 2006.
 {¶ 6} On January 10, 2008, Appellant was returned to the trial court for a resentencing hearing for the purpose of informing Appellant of his post release control obligations. At the hearing, Appellant objected to the resentencing based upon post release control cases pending before the Ohio Supreme Court. The trial court overruled Appellant's objection and resentenced Appellant, notifying Appellant of his post release control obligations. The trial court filed a resentencing judgment entry on January 10, 2008.
 {¶ 7} Appellant now appeals and raises one Assignment of Error:
 {¶ 8} "I. A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF OPTIONAL POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS. (TR. OF HEARING HELD JANUARY 10, 2008, HEREINAFTER "PRC TR.," PP 3-13)." *Page 4 
 I. {¶ 9} Appellant first argues within his sole Assignment of Error that the trial court had no authority to revisit, sua sponte, the post release control aspect of Appellant's sentence because it constituted an "after-the-fact" resentencing hearing. Based upon statutory authorization, we find Appellant's argument to be not well taken.
 {¶ 10} This Court has previously addressed the issues raised by Appellant in State v. Holda, 5th Dist. No. 2007CA0045,2008-Ohio-1244. In Holda, the appellant was similarly brought back to the trial court before the appellant's prison term had expired so that the trial court could advise appellant that he would be subject to post release control. The appellant argued the trial court was without authority to sua sponte conduct a resentencing hearing. We found, pursuant to R.C. 2929.191, trial courts are statutorily authorized to correct sentencing entries to include omitted post release control notifications. Holda, supra, citing State v. Dixon, 5th
Dist. Nos. 2006-CA19, 2006-CA-20, 2007-Ohio-3496, ¶ 26.
 {¶ 11} The underlying facts in Holda, however, implicate Appellant's second argument in this matter. In Holda, the appellant was convicted of a first degree felony where the imposition of post release control is mandatory. Appellant relies upon State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, 884 N.E.2d 568, to argue that because post release control is optional in this case based upon Appellant's convictions for third and fourth degree felonies, Simpkins gives the trial court authority to resentence offenders for only those cases under which post release control is mandatory. The post release control statute for third and fourth degree felonies states, *Page 5 
 {¶ 12} "Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(d) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code a statement regarding post-release control." R.C. 2967.28(C).
 {¶ 13} Appellant refers this Court to the syllabus ofSimpkins, which states,
 {¶ 14} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id.
 {¶ 15} Pursuant to R.C. 2929.191 and our previous holding inHolda, we find Appellant's argument to be without merit. The statute states in pertinent part:
 {¶ 16} "(A)(1) * * * If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of section 2929.19 of the Revised Code [which includes a prison term for a third, fourth and fifth *Page 6 
degree felony] and failed to notify the offender pursuant to that division that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(2) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison. (Emphasis added).
 {¶ 17} "* * *
 {¶ 18} "(B)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control or to include in the judgment of conviction entered on the journal a statement to that effect, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of section 2929.19 of the Revised Code, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the *Page 7 
Revised Code the parole board may impose as part of the sentence a prison term of up to one-half of the stated prison term originally imposed upon the offender.
 {¶ 19} "(B)(2) If the court prepares and issues a correction to a judgment of conviction as described in division (B)(1) of this section before the offender is released from imprisonment under the term, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the judgment of conviction entered on the journal and had notified the offender pursuant to division (B)(3)(e) of section 2929.19 of the Revised Code regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.
 {¶ 20} "(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the *Page 8 
prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ 21} The statutory enactments permit the trial court to resentence an offender prior to the expiration of his original stated prison term in order to notify the offender regarding post release control. We find no distinction between mandatory post release control and optional post release control that would affect the trial court's authority to resentence Appellant.
 {¶ 22} Appellant finally argues the trial court violated Appellant's rights under the due process, double jeopardy and ex post facto clauses of the Ohio and United States Constitutions by resentencing Appellant.
 {¶ 23} Upon the authority of State v. Paynter, 5th
Dist. No. CT2006-0034, 2006-Ohio-5542, we find Appellant's rights under the due process and ex post facto clauses of the Ohio and United States Constitutions have not been violated. We further find the resentencing of Appellant did not violate Appellant's protection against double jeopardy pursuant to our decision in State v. Blakenship, 5th Dist. No. 07 CA 40, 2008-Ohio-3758 (noting our decisions in State v. Broyles, 118 Ohio St.3d 192, 2008-Ohio-2216 and *Page 9 State v. Rich, 118 Ohio St.3d 191, 2008-Ohio-2217 regarding due process, ex post facto and double jeopardy were reaffirmed by the Ohio Supreme Court in Simpkins, supra.).
 {¶ 24} Appellant's sole Assignment is therefore overruled.
 {¶ 25} The judgment of the Stark County Court of Common Pleas is affirmed.
 By: Delaney, J. and Edwards, J. concur. Hoffman, P.J. dissents. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.
[1] A statement of the underlying facts is not necessary for the disposition of this appeal. *Page 10