OPINION *Page 2 
{¶ 1} Appellant Tawann Lavar Smalls appeals the July 11, 2008, Judgment of Stark County Common Pleas Court denying his Motion for Resentencing.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In 1999, Tawann Lavar Smalls was charged in an indictment returned by the Stark County Grand Jury with six counts of felonious assault with an attendant firearm specification for each count, and one count of having weapons while under disability. Smalls pleaded not guilty to these charges and specifications, and proceeded to trial by jury in the Stark County Court of Common Pleas. The jury found Smalls guilty as charged, and the trial court imposed an aggregate prison term of 19 years.
 {¶ 4} Appellant appealed his convictions and sentences to this Court, raising two assignments of error: a challenge to the jury array; and a challenged based on the manifest weight of the evidence. This Court overruled both assignments of error, and affirmed Appellant's convictions and sentences.
 {¶ 5} On June 30, 2008, Appellant filed a motion with the trial court for re-sentencing. In said motion, Appellant argued that he was entitled to a new sentencing hearing because the trial court allegedly did not properly impose his term of post-release control.
 {¶ 6} By Judgment Entry filed July 11, 2008, the trial court summarily overruled the motion by judgment entry.
 {¶ 7} Appellant now appeals to this Court, assigning the following error for review: *Page 3 
 ASSIGNMENT OF ERROR {¶ 8} "I. WHERE A SENTENCE IS VOID AS A MATTER OF LAW BECAUSE IT DOES NOT CONTAIN A STATUTORILY MANDATED TERM OF `PROPERLY IMPOSE' [SIC] POST RELEASE CONTROL, A TRIAL [SIC] ABUSES ITS DISCRETION WHEN DENYING A DEFENDANT'S GOOD FAITH MOTION FOR RESENTENCING PURUSANT TO THE PROVISIONS OF: STATE V. BEZAK, 114 OHIO ST.3D 96; AND, STATE V. SIMPKINS, 117 OHIO ST.3D 420."
 I. {¶ 9} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion for re-sentencing. We agree.
 {¶ 10} Upon review of the record in the case sub judice, we find that while the sentencing judgment entry did include the imposition of post-release control for the mandatory term of five years, the trial court failed to notify Appellant as to same at the sentencing hearing.
 {¶ 11} R.C. § 2929.14(F)(1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post release control after the offender's release from imprisonment. R.C. § 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. § 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry.State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term *Page 4 
of post-release control is mandatory or discretionary. Id. at paragraph two of the syllabus; Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, 844 N.E.2d 301, ¶ 18.
 {¶ 12} A sentence which fails to notify the offender that he or she is subject to post release control is wholly unauthorized and void.State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E. 2d 961. "Because a sentence that does not conform to statutory mandates requiring the imposition of post release control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position as they were had there been no sentence"State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568
(decided March 20, 2008), Bezak, supra at paragraph 13 citing Romito v.Maxwell (1967), 10 Ohio St. 2d 266, 267, 227 N.E.2d 223.
 {¶ 13} "A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent." State v.Simpkins supra, citing State v. Cruzado, 111 Ohio St. 3d 353,2006-Ohio-5795, 856 N.E.2d 263 at paragraph 19; State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. Res Judicata does not act to bar a trial court from correcting the error.State v. Simpkins, supra, citing State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, at paragraph 12; See also, State v.Barnes, Portage App. No. 2006-P-0089, 2007-Ohio-3362
at paragraphs 49-51; State v. Rodriguez (1989), 65 Ohio App. 3d 151, 154,583 N.E.2d 347. Furthermore, re-sentencing a defendant to add a mandatory period of post release control that was not originally included in the sentence does not violate due process. State v. Simpkins, supra at paragraph 20 of syllabus. *Page 5 
 {¶ 14} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post release control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have post release control imposed on the defendant unless the defendant has completed his sentence." State v. Simpkins, supra at paragraph 1 of the Syllabus; See also, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263. "In such a re-sentencing hearing, the trial court may not merely inform the offender of the imposition of post release control and automatically re-impose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence."State v. Bezak, 114 Ohio St.3d at 95, 2007-Ohio-3250, 868 N.E.2d 961. Thus, the offender is entitled to a de novo sentencing hearing. Id.; See also, State v. Bruner, Ashtabula App. No. 2007-A-0012, 2007-Ohio-4767.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with the law and this opinion.
 Wise, J., Farmer, P. J., and Gwin, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs assessed to Appellee. *Page 1