OPINION *Page 2 
{¶ 1} Defendant-appellant Daniel McDowell appeals the August 5, 2008 judgment entry of the Licking County Court of Common Pleas which after, a new sentencing hearing, re-sentenced him in order to advise him of mandatory post-release control terms and conditions. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 12, 2002, appellant entered a plea of no contest to the charges of Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1); Aggravated Burglary, a first-degree felony in violation of R.C. 2911.11(A)(2); Robbery, a third-degree felony in violation of R.C. 2911.02(A)(3); Firearm Specification to Counts 1 through 3, in violation of R.C. 2929.14(D) and 2941.145; and Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A)(C)(3)(a). The trial court found appellant guilty and sentenced appellant to eight years in prison.
 {¶ 3} Appellant never filed a direct appeal of his convictions and sentences to this Court.
 {¶ 4} On October 19, 2006, appellant filed a "Motion to Vacate a Void Sentence," pursuant to State v. Foster (2006), 109 Ohio St.3d 1 and Civ. R. 60(B). In essence, appellant argued he was sentenced in 2002 under an unconstitutional sentencing statute. On October 20, 2006, the trial court denied the motion. The trial court found that the cases cited by appellant were not retroactive in nature and that non-minimum sentencing rights do not exist. This Court affirmed the trial court's ruling. See, State v. McDowell, Licking County App. No. 06CA136,2007-Ohio-3728. ["McDowell I"]. *Page 3 
 {¶ 5} On December 4, 2007, the state filed a motion asking the trial court to bring appellant back before the court to advise appellant that he would be subject to a mandatory term of five years post-release control. The trial court conducted a new sentencing hearing on August 5, 2008. The purpose of the hearing was to advise the appellant of his mandatory post-release control obligations. At that hearing, the trial court purported to "re-sentence" appellant to the same sentences that he had previously received, and to include post-release control which had not been included when appellant was originally sentenced, as part of each of appellant's sentences. The court issued a journal entry on that same date reflecting the re-sentencing.
 {¶ 6} Appellant has filed a timely notice of appeal, raising the following assignment of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF POST-RELEASE CONTROL AFTER THE TRIAL COURT AND THE APPELLATE COURT HAD PREVIOUSLY RULED THAT DEFENDANT-APPELLANT'S PRIOR SENTENCE WAS NOT DEFICIENT."
 I. {¶ 8} Appellant argues that the trial court's "after-the-fact" re-sentencing hearing is prohibited by the Eight Amendment's ban on "cruel and unusual punishment and, further, that the doctrine of res judicata bars relief through a re-sentencing hearing. We disagree.
 {¶ 9} R.C. 2929.14(F) (1) provides that if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment. R.C. 2929.19(B) *Page 4 
(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these provisions as requiring a trial court to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, paragraph one of the syllabus. The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary. Id. at paragraph two of the syllabus; Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18.
 {¶ 10} A sentence which fails to notify the offender that he or she is subject to post-release control is wholly unauthorized and void.State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. "Because a sentence that does not conform to statutory mandates requiring the imposition of post-release control is a nullity and void, it must be vacated. The effect of vacating the sentence places the parties in the same position as they were had there been no sentence"State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568
(decided March 20, 2008), Bezak, supra at paragraph 13 citing Romito v.Maxwell (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223.
 {¶ 11} "A trial court retains jurisdiction to correct a void sentence and is authorized to do so when its error is apparent." State v.Simpkins, supra, citing State v. Cruzado, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263 at paragraph 19; State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 at paragraph 23. ResJudicata does not act to bar a trial court from correcting the error.State v. Simpkins, supra, citing State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, at *Page 5 
paragraph 12; See also, State v. Barnes, Portage App. No. 2006-P-0089,2007-Ohio-3362 at paragraphs 49-51; State v. Rodriguez (1989),65 Ohio App.3d 151, 154, 583 N.E.2d 347. Furthermore, re-sentencing a defendant to add a mandatory period of post release control that was not originally included in the sentence does not violate due process.State v. Simpkins, supra at paragraph 20 of syllabus. "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post-release control is required, but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have post-release control imposed on the defendant unless the defendant has completed his sentence." State v.Simpkins, supra at paragraph 1 of the syllabus; See also, State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263. "In such a re-sentencing hearing, the trial court may not merely inform the offender of the imposition of post-release control and automatically re-impose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." State v. Bezak,114 Ohio St.3d at 95, 2007-Ohio-3250, 868 N.E.2d 961. Thus, the offender is entitled to a de novo sentencing hearing. Id.; See also, State v. Bruner, Ashtabula App. No. 2007-A0012, 2007-Ohio-4767; State v. Smalls, Stark App. No. 2008 CA 00164, 2009-Ohio-832.
 {¶ 12} Contrary to appellant's assertions, this Court did not hold that appellant's sentence was "not deficient." Rather our holding was clearly and unequivocally that appellant's attempt to utilize Civ. R. 60(B) to attack his original sentence, when no appeal from that sentence had been properly filed, was improper. McDowell I at ¶ 12. The remaining portion of our opinion was simply dicta. We find that appellant's *Page 6 
sentences were void. The trial court was therefore authorized to correct the sentence to include the appropriate post-release control term. We further find the resentencing of appellant was not barred by the doctrine of res judicata. "Neither constitutional principles nor the doctrine of res judicata requires that sentencing become a game in which a wrong move by the judge or prosecutor means immunity for a defendant. See Bozza v. United States (1947), 330 U.S. 160, 166-167, 67 S.Ct. 645, 91 L.Ed. 818." State v. Simpkins, supra at ¶ 29.
 {¶ 13} We find appellant's argument concerning the ban against cruel and unusual punishment to be equally unpersuasive.
 {¶ 14} The Eighth Amendment to the United States Constitution prohibits "[e]xcessive" sanctions. It provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
 {¶ 15} Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."
 {¶ 16} "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community. State v. Chaffin (1972),30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46; State v. Jarrells (1991),72 Ohio App.3d 730, 596 N.E.2d 477." State v. Hamann (1993),90 Ohio App.3d 654, 672, 630 N.E.2d 384, 395.
 {¶ 17} In State v. Hairston the Court reiterated, "`[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual *Page 7 
punishment.'" 118 Ohio St.3d 289, 293, 888 N.E.2d 1073, 1077,2008-Ohio-2338 at ¶ 21. [Quoting McDougle v. Maxwell (1964),1 Ohio St.2d 68, 69, 203 N.E.2d 334].
 {¶ 18} In the case at bar, appellant's sentences are all within statutorily authorized ranges. Further, as we noted in our previous opinion, appellant did not file either an appeal or a petition for post-conviction relief claiming a constitutional deficiency in his original sentence. The Eighth Amendment's ban on cruel and unusual punishment does not prohibit a court from correcting a void sentence.
 {¶ 19} Accordingly, appellant's sole assignment of error is denied.
 {¶ 20} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, J., Farmer, P.J., and Hoffman, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1